**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| ——————————————————— ) | |
| UNITED STATES OF AMERICA and ) | ELECTRONICALLY FILED |
| THE STATE OF WEST VIRGINIA by and ) | Feb 11 2019 |
| through the WEST VIRGINIA ) | U.S. DISTRICT COURT |
| DEPARTMENT OF ENVIRONMENTAL ) | Northern District of WV |
| PROTECTION, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:19-CV-20 (Kleeh) |
| ) | |
| ANTERO RESOURCES CORP., ) | |
| ) | |
| Defendant. ) | |
| ——————————————————— ) | |

**COMPLAINT**

The United States of America ("United States"), on behalf of the United States

Environmental Protection Agency ("EPA"); and the State of West Virginia ("the State"), by and

through the West Virginia Department of Environmental Protection ("WVDEP") (collectively,

"Plaintiffs"), file this Complaint and allege as follows:

**NATURE OF THE ACTION**

1.     This is a civil action commenced under Section 309(b) and (d) of the Clean Water

Act ("CWA"), 33 U.S.C. § 1319(b) & (d), and under Section 22 of the West Virginia Water

Pollution Control Act ("West Virginia WPCA" or "WPCA"), W. Va. Code § 22-11-22.

Plaintiffs seek injunctive relief and civil penalties against Defendant Antero Resources

Corporation, for violating Section 301 of the CWA, 33 U.S.C. § 1311, and Sections 6 and 8 of

the WPCA, W. Va. Code §§ 22-11-6 & 22-11-8, and applicable regulations (including the State's

Requirements Governing Water Quality Standards, W. Va. Code St. R. § 47-2-1 *et seq*.), by

1

discharging dredged or fill material into waters of the United States and waters of the State at certain locations in the State of West Virginia (the "Sites") without a permit issued pursuant to Section 404 of the CWA, 33 U.S.C. § 1344, and without the necessary authorization under the West Virginia WPCA.

2.        In this action Plaintiffs seek: (1) to enjoin the unauthorized discharge of pollutants into waters of the United States and the State at or from the Sites; (2) to require Defendant, at its own expense and at the direction of Plaintiffs to restore and/or mitigate the impacts caused by the allegedly unlawful activities; and (3) to require Defendant to pay civil penalties as provided in 33 U.S.C. § 1319(d) and W. Va. Code § 22-11-22.

## JURISDICTION AND VENUE

3.        This Court has jurisdiction over the subject matter of this action under Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and under 28 U.S.C. §§ 1331, 1345, 1355, and 1367.

4.        Venue is proper in the United States District Court for the Northern District of West Virginia under 28 U.S.C. § 1391(b) and (c), as well as Section 309(b) of the CWA, 33 U.S.C. § 1319(b), because Defendant conducts business in this District, the subject Sites are located in this District, and the causes of action alleged herein arose in this District.

5.        Because the State of West Virginia is a party to this Complaint, it has notice of the commencement of this action as required by Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## THE PARTIES

6.        Plaintiff United States of America, acting at the request and on behalf of the EPA, is vested with the authority to bring this action under 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

7.     Plaintiff State of West Virginia, by and through the WVDEP, is vested with the authority to bring this action under W. Va. Code §§ 5-3-2 and -3, 22-1-5, and 22-11-7 & -22.

8.     Defendant Antero Resources Corporation is a Delaware corporation, which conducts business in the Northern District of West Virginia, with a business address of 1615 Wynkoop Street, Denver, CO 80202.  Antero Resources Corporation is a domestic energy company with operations focused on oil and natural gas production, including hydraulic fracturing operations (or "fracking") in the Marcellus Shale, and has an extensive network of operations in natural gas fields in West Virginia, including more than approximately 535,000 net acres worth of mineral leases in the State.  It also owns and operates approximately 213 miles of gas gathering pipelines in the Marcellus Shale.  The company was formerly known as Antero Resources Appalachian Corporation and changed its name to Antero Resources Corporation in June 2013.  Antero Resources Corporation is a wholly-owned subsidiary of Antero, LLC, a Delaware corporation, which is headquartered at 1615 Wynkoop Street, Denver, CO 80202.

9.     On December 1, 2010, Antero Resources Corporation acquired 100% of the general partnership interests of Bluestone Energy Partners, which owned approximately 37,250 acres of leasehold rights in the Appalachian Basin in Pennsylvania and West Virginia along with 96 producing wells, of which 47 wells were located in the Marcellus Shale.  Antero Resources Corporation acquired Bluestone Energy Partners under Delaware law, and therefore, Antero is the prior, as well as current, owner of the former Bluestone Energy Partner facilities.

## STATUTORY BACKGROUND

**The Clean Water Act**

10.     Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant," including dredged or fill material, by any person from any point source to navigable

3

waters unless that discharge is authorized by a permit issued under Section 404 of the CWA,

33 U.S.C. § 1344.

11.    Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines "pollutant" to include,

*inter alia*, dredged spoil, rock, sand, and cellar dirt.

12.    Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" to

include "any discernible, confined and discrete conveyance . . . from which pollutants are or may

be discharged."

13.    Section 502(5) of the CWA, 33 U.S.C. § 1362(5), defines "person" to include "an

individual, corporation, partnership, [or] association."

14.    Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" as

"the waters of the United States, including the territorial seas."  In turn, 33 C.F.R. § 328.3(a)(1),

(2), (5) and (7) (1993) and 40 C.F.R. § 232.2 (1993) define "waters of the United States" to

include:  (i) all waters which are currently used, were used in the past, or may be susceptible to

use in interstate or foreign commerce; (ii) all inter-state waters; (iii) tributaries to such waters;

and (iv) wetlands adjacent to such waters or their tributaries.

15.    33 C.F.R. § 328.3(b) and 40 C.F.R. §§ 122.2 and 232.2 define "wetlands" as

"those areas that are inundated or saturated by surface or groundwater at a frequency and

duration sufficient to support, and that under normal circumstances do support, a prevalence of

vegetation typically adapted for life in saturated soil conditions."

16.    Section 404(a) of the CWA, 33 U.S.C. § 1344(a), authorizes the Secretary of the

Army, acting through the Chief of Engineers, U.S. Army Corps of Engineers, to issue permits for

the discharge of dredged or fill material to navigable waters at specified disposal sites.

17.     Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the EPA

Administrator to commence a civil action for appropriate relief, including a permanent or

temporary injunction, against any person who violates Section 301 of the CWA, 33 U.S.C.

§ 1311.

18.     Section 309(d) of the CWA, 33 U.S.C. § 1319(d), authorizes the commencement

of an action for civil penalties against any person who violates Section 301(a) of the CWA, 33

U.S.C. § 1311(a), and provides that any person who violates Section 301 shall be subject to a

civil penalty payable to the United States of up to $25,000 per day for each violation.

19.     Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28

U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C.

§ 3701 note, 69 Fed. Reg. 7121 (Feb. 13, 2004), 74 Fed. Reg. 626 (Jan. 7, 2009), 81 Fed. Reg.

43,091 (July 1, 2016), 82 Fed. Reg. 3633 (Jan. 12, 2017), and by the Federal Civil Penalties

Inflation Adjustment Act Improvements Act of 2015 (28 U.S.C. § 2461 note; Bipartisan Budget

Act of 2015, Pub. L. No. 114-74, § 701, 129 Stat 584, 599-601 (2015)), 40 C.F.R. Part 19, EPA

may seek civil penalties, adjusted for inflation, of up to $32,500 per day for each violation

occurring between March 15, 2004, and January 12, 2009; up to $37,500 per day for each

violation occurring after January 12, 2009; $37,500 per day for each violation occurring after

January 12, 2009, and through November 2, 2015; up to $51,570 per day for each violation

occurring after November 2, 2015, and through January 15, 2017; and up to $52,414 per day for

each violation occurring after January 15, 2017.

**West Virginia Water Pollution Control Act**

20.     Section 8 of the WPCA, W. Va. Code § 22-11-8, prohibits the discharge of any

pollutant by any person from a point source into waters of the State of West Virginia, except,

*inter alia,* in compliance with applicable water quality standards, effluent limitations, and all other requirements of the WPCA.

21.     Section 3 of the WPCA, W. Va. Code § 22-11-3, defines "pollutant" to mean, *inter alia*, "industrial wastes" and "other wastes," which include "any liquid, gaseous, solid or other waste substance, or a combination thereof, resulting from or incidental to any process of industry, manufacturing, trade or business, or from or incidental to the development, processing or recovery of any natural resources" and "all other materials and substances not sewage or industrial wastes which may cause or might reasonably be expected to cause or to contribute to the pollution of any of the waters of the state."

22.     Section 6 of the WPCA, W. Va. Code § 22-11-6, requires compliance with all water quality standards.  West Virginia's Requirements Governing Water Quality Standards, W.Va. Code St. R. § 47-2-3, bar the discharge of any pollutant that "adversely alters the integrity of the waters of the State including wetlands," and further prohibits any "significant adverse impact to the chemical, physical, hydrologic, or biological components of aquatic ecosystems[.]"

23.     Section 22 of the WPCA, W.Va. Code § 22-11-22, authorizes WVDEP to commence a civil action for injunctive relief to compel compliance with and enjoin violations of any provision of the WPCA.  Section 22 of the WPCA also provides that any person who violates any provision of the WPCA or any rule issued pursuant to the WPCA is subject to a civil penalty of up to $25,000 per day for each violation.

## GENERAL ALLEGATIONS

24.     Defendant is engaged in the exploration and production of natural gas in the Appalachian Basin, including through the use of hydraulic fracturing.  In furtherance of its natural gas extraction operations, Defendant constructed and/or operated, and/or controlled and

directed the construction and operation of, numerous well pads, access roads, pipelines, surface impoundments, and other structures and appurtenances in the State of West Virginia. The construction and/or operation of the foregoing resulted in unauthorized discharges of "pollutants" as that term is defined in Section 502(6) of the CWA, 33 U.S.C. § 1362(6), and 40 C.F.R. § 232.2, and in Section 3 of the WPCA, W. Va. Code § 22-11-3, including dredged and/or fill material, into streams and/or wetlands at the Sites.

25.     The Sites are 32 properties in West Virginia's Harrison, Doddridge, and Tyler Counties, where Defendant has conducted operations that resulted in the unauthorized discharge of dredged and/or fill material into waters of the United States and/or waters of the State.

26.     Beginning in early 2011, EPA learned of unauthorized discharges of dredged and/or fill material to waters of the United States and of the State associated with Defendant's extraction of natural gas from the Marcellus Shale in West Virginia.

27.     On May 23, 2011, EPA sent an information request to Defendant pursuant to Section 308 of the CWA, 33 U.S.C. § 1318, regarding the Sites known as O. Rice, Hill, Johnson, Matthews, Mary Post, Matthey, Rossco, and Hurst 21 and 23 and any other sites in Pennsylvania, Maryland, Virginia, and West Virginia where Antero Resources Corporation is actively drilling or intends to drill.

28.     On February 9, 2011, EPA conducted inspections of Defendant's operations jointly with the U.S. Army Corps of Engineers ("Corps") and the WVDEP. The group inspected three of Defendant's operations—the Matthews Drill Pad, the Matthey Gas Well Pad and Impoundment, and the O. Rice Gas Well Pad and Impoundment—and identified violations at all three Sites.

29.    As a result, the Corps issued Cease and Desist Orders to Antero Resources Appalachian Corporation on February 18, 2011, regarding the Matthews Drill Pad and on March 2, 2011, regarding the O. Rice and Matthey well pads and appurtenant structures.  On March 31, 2011, EPA issued an Administrative Order for Compliance ("AOC"), pursuant to Section 309(a) of the CWA, 33 U.S.C. § 1319(a), for the O. Rice and Matthey Sites.  On April 27, 2011, a Corps inspector observed Antero installing a pipeline through streams and wetlands between the O. Rice and Matthey well pads in violation of the Cease and Desist Orders and the AOC.  On May 23, 2011, EPA issued an AOC for the Matthews pad.

30.    EPA and the Corps performed another round of inspections on May 3 and 4, 2011, on the O. Rice, Matthey, Hill, Mary Post, Johnson, and Hurst Sites.  On May 12, 2011, the Corps issued a Cease and Desist Order directing Antero to cease all unpermitted discharges to waters of the United States for all of these Sites.  EPA issued an AOC for the Hill, Mary Post, and Hurst Sites on June 21, 2011, for the Johnson Site on January 15, 2014.

31.    EPA inspected the Rossco Site with the Corps on May 31, 2011, and issued an AOC for this Site on July 28, 2011.

32.    On July 31, 2012, EPA received a complaint that Antero had filled a tributary of Brushy Fork with gravel without a permit.  EPA inspected the Brushy Fork Road Site on August 15, 2012, and requested that Antero remove the fill and restore the stream.  Antero completed remedial actions to remove the fill and constructed a stable crossing of the stream in November 2013.

33.    EPA, the Corps, and WVDEP inspected the Neva Ritter Site on January 9, 2013, and observed stream impacts.  EPA issued an AOC for the Site on June 13, 2013.

34.     During a series of inspections between April 8 and April 11, 2014, EPA and the State identified ongoing poor operational practices at a number of sites, including significant sedimentation, incorrectly installed culverts and outfalls, impacts to unprotected mapped streams and wetlands, and a general lack of maintenance leading to further erosion.  Specifically, EPA and the State confirmed previously complained-of impacts at the Bowyer Pad Access/County Road 32/6 Site, identified impacts at the Terry Snider Site, and confirmed impacts at 15 sites inspected as part of an audit ("Audit Sites"):  Clarksburg Compressor Station, Cunningham, Davis 1, Five H, Hustead, Ike & Mike Compressor Station, Jarvisville Compressor Station, Lowe, Morris, Moss West/East, Pike Fork Compressor Station, Ross, Sperry 2, Williams 9, and Williams 10.

35.     EPA conducted inspections on May 19-20, 2015, and identified or confirmed impacts at five Sites: the Primm Pad, Canton North (also known as North Canton Compressor Station), Nash, Hamilton, and Stewart.

**Matthews Site**

36.     The Matthews Site is located in Harrison County, WV.  The Site is located adjacent to unnamed tributaries to Crooked Run.  Crooked Run flows to West Fork River and then to the Monongahela River.  Wetlands are located adjacent to the unnamed tributaries to Crooked Run.

37.     In April 2010, Defendant or persons acting on behalf of Defendant began construction at the Matthews Site on:  (1) a freshwater pond as part of its construction of a well pad; (2) improvements to an existing access road; (3) and a pipeline.  In the course of its construction activities, Defendant or persons acting on behalf of Defendant discharged dredged or fill material into the unnamed tributaries to Crooked Run and into the wetlands adjacent to

9

those tributaries.  Defendant's discharges impacted approximately 108 linear feet of stream and 0.25 acres of wetlands.

38.     The unnamed tributaries to Crooked Run have a significant nexus to and/or are relatively permanent waters that flow to the West Fork River and other downstream waters, including the Monongahela River.  The impacted wetlands are adjacent to, in that they have a continuous surface connection with, and/or have a significant nexus to those tributaries and to other downstream waters, including, but not limited to, the West Fork River and the Monongahela River.  Portions of the West Fork River downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Monongahela River.  The Monongahela River is a traditionally navigable water of the United States.

**O. Rice Site**

39.     The O. Rice Site is located in Harrison County, WV.  The Site is located adjacent to Indian Run.  Indian Run flows to Tenmile Creek, then to West Fork River, and then to the Monongahela River.  Wetlands are located adjacent to Indian Run.

40.     In or around 2010, Defendant's predecessor began construction on a well pad, and associated freshwater impoundment at the O. Rice Site.  On December 1, 2010, Defendant acquired the O. Rice Site.  In the course of construction activities, Defendant or persons acting on behalf of Defendant and/or Defendant's predecessor discharged dredged or fill material into Indian Run, the unnamed tributaries to Indian Run, and the wetlands adjacent to those tributaries. Defendant's discharges impacted approximately 694 linear feet of stream and 0.438 acres of wetlands.

41.     Indian Run and its unnamed tributaries have a significant nexus to and/or are relatively permanent waters that flow to Tenmile Creek and then to West Fork River and other downstream waters, including the Monongahela River.  The impacted wetlands are adjacent to, in that they have a continuous surface connection with, and/or have a significant nexus to those tributaries and to other downstream waters, including, but not limited to, the West Fork River and the Monongahela River.  Portions of Tenmile Creek downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the West Fork River.  Portions of the West Fork River downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Monongahela River.  The Monongahela River is a traditionally navigable water of the United States.

**Matthey Site**

42.     The Matthey Site is located in Harrison County, WV.  The Site is located adjacent to Indian Run and unnamed tributaries.  Indian Run flows to Tenmile Creek, then to West Fork River, and then to the Monongahela River.  Wetlands are located adjacent to Indian Run and its unnamed tributaries.

43.      In or around November 2009, Defendant or persons acting on behalf of Defendant began construction on a well pad, and associated flowback pond, impoundment, and pipeline at the Matthey Site, as well as relocation of a barn and construction on improvements to an existing access road to the Matthey Site.  In 2010, Defendant or persons acting on behalf of Defendant constructed the Salem Compressor Station and connecting pipelines.  In the course of its construction activities, Defendant discharged dredged or fill material into unnamed tributaries to Indian Run and into the wetlands adjacent to Indian Run and its tributaries.  Defendant's discharges impacted approximately 917 linear feet of stream and 0.959 acres of wetlands.

11

44.    Indian Run and its unnamed tributaries have a significant nexus to and/or are relatively permanent waters that flows to the Tenmile Creek, and then to West Fork River and other downstream waters, including the Monongahela River.  The impacted wetlands are adjacent to, in that they have a continuous surface connection with, and/or have a significant nexus to those tributaries and to other downstream waters, including, but not limited to, the West Fork River and the Monongahela River.  Portions of Tenmile Creek downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the West Fork River.  Portions of the West Fork River downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Monongahela River.  The Monongahela River is a traditionally navigable water of the United States.

**Johnson Site**

45.    The Johnson Site is located in Harrison County, WV.  The Site is located adjacent to unnamed tributaries to Indian Run.  Indian Run flows to Tenmile Creek, then to West Fork River, and then to the Monongahela River.  Wetlands are located adjacent to the unnamed tributaries to Indian Run.

46.    In or about September 2009, Defendant or persons acting on behalf of Defendant began construction on a well pad and associated impoundments and pipeline at the Johnson Site, as well as improvements to an existing access road to the Johnson Site.  In the course of its construction activities, Defendant or persons acting on behalf of Defendant discharged dredged or fill material into the unnamed tributaries to Indian Run and into the wetlands adjacent to those tributaries.  Defendant's discharges impacted approximately 543 linear feet of stream and 0.243 acres of wetlands.

12

47.     The unnamed tributaries to Indian Run have a significant nexus to and/or are relatively permanent waters that flow to the Tenmile Creek, and then to West Fork River and other downstream waters, including the Monongahela River.  The impacted wetlands are adjacent to, in that they have a continuous surface connection with, and/or have a significant nexus to those tributaries and to other downstream waters, including, but not limited to, the West Fork River and the Monongahela River.  Portions of Tenmile Creek downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the West Fork River.  Portions of the West Fork River downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Monongahela River.  The Monongahela River is a traditionally navigable water of the United States.

**Hill Site**

48.     The Hill Site is located in Harrison County, WV.  The Site is located adjacent to unnamed tributaries to Indian Run.  Indian Run flows to Tenmile Creek, then to West Fork River, and then to the Monongahela River.  Wetlands are located adjacent to the unnamed tributaries to Indian Run.

49.     In or about May 2009, Defendant or persons acting on behalf of Defendant began construction on a well pad, and associated frac pit and pipeline at the Hill Site, as well as improvements to an existing access road to the Hill Site.  In the course of construction and operation of the well pad and appurtenances, Defendant or persons acting on behalf of Defendant discharged dredged or fill material into the unnamed tributaries to Indian Run and into the wetlands adjacent to those tributaries.  Defendant's discharges impacted approximately 754 linear feet of stream and 0.461 acres of wetlands.

13

50.     The unnamed tributaries to Indian Run have a significant nexus to and/or are relatively permanent waters that flow to the Tenmile Creek and then to West Fork River and other downstream waters, including the Monongahela River.  The impacted wetlands are adjacent to, in that they have a continuous surface connection with, and/or have a significant nexus to those tributaries and to other downstream waters, including, but not limited to, the West Fork River and the Monongahela River.  Portions of Tenmile Creek downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the West Fork River.  Portions of the West Fork River downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Monongahela River.  The Monongahela River is a traditionally navigable water of the United States.

**Mary Post**

51.     The Mary Post Site is located in Harrison County, WV.  The Site is located adjacent to Cherry Camp Run and unnamed tributaries to Cherry Camp Run.  Cherry Camp Run flows to Salem Fork, then to Tenmile Creek, then to West Fork River, and then to the Monongahela River.  Wetlands are located adjacent to Cherry Camp Run and to the unnamed tributaries to Cherry Camp Run.

52.     In late 2009 or early 2010, Defendant's predecessor began construction of a well pad and an associated impoundment at the Mary Post Site.  On December 1, 2010, Defendant acquired the Mary Post Site.  In the course of construction and operation of the well pad, Defendant, persons acting on behalf of Defendant, and/or Defendant's predecessor discharged dredged or fill material into Cherry Camp Run, the unnamed tributaries to Cherry Camp Run,

14

and wetlands adjacent to the unnamed tributaries to Cherry Camp Run.  These discharges impacted approximately 1,038 linear feet of stream and 0.5 acres of wetlands.

53.     Cherry Camp Run and the unnamed tributaries to Cherry Camp Run have a significant nexus to and/or are relatively permanent waters that flow to the Salem Fork, then to Tenmile Creek, and then to West Fork River and other downstream waters, including the Monongahela River.  The impacted wetlands are adjacent to, in that they have a continuous surface connection with, and/or have a significant nexus to those tributaries and to other downstream waters, including, but not limited to, the West Fork River and the Monongahela River.  Portions of Tenmile Creek downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the West Fork River.  Portions of the West Fork River downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Monongahela River.  The Monongahela River is a traditionally navigable water of the United States.

**Hurst Site**

54.     The Hurst Site is located in Harrison County, WV.  The Site is located adjacent to Isaacs Creek and its unnamed tributaries.  Isaacs Creek flows to West Fork River and then to the Monongahela River.  Wetlands are located adjacent to Isaacs Creek.

55.     In or about April 2011, Defendant or persons acting on behalf of Defendant began construction of the Tichenal Compressor Station pad at the Hurst Site, as well as realignment and improvements to an existing access road to the Hurst Site.  In the course of construction, Defendant or persons acting on behalf of Defendant discharged dredged or fill material into Isaacs Creek, the unnamed tributaries to Isaacs Creek, and the wetlands adjacent to those

tributaries.  Defendant's discharges impacted approximately 1,458 linear feet of stream and 0.356 acres of wetlands.

56.     Isaacs Creek and the unnamed tributaries to Isaacs Creek have a significant nexus to and/or are relatively permanent waters that flow to the West Fork River and other downstream waters, including the Monongahela River.  The impacted wetlands are adjacent to, in that they have a continuous surface connection with, and/or have a significant nexus to Isaacs Creek and to other downstream waters, including the West Fork River and the Monongahela River. Portions of the West Fork River downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Monongahela River.  The Monongahela River is a traditionally navigable water of the United States.

**Rossco Site**

57.     The Rossco Site is located in Harrison County, WV.  The Site is located adjacent to an unnamed tributary to Katy Lick Run.  Katy Lick Run flows to Tenmile Creek, then to West Fork River, and then to the Monongahela River.  Wetlands are located adjacent to the unnamed tributary to Katy Lick Run.

58.     In or about September 2010, Defendant or persons acting on behalf of Defendant began construction of the well pad, frac pit, and pipeline at the Rossco Site.  In the course of construction, Defendant or persons acting on behalf of Defendant discharged dredged or fill material into an unnamed tributary to Katy Lick Run and into wetlands adjacent to Katy Lick Run.  Defendant's discharges impacted approximately 246 linear feet of stream and 0.079 acres of wetlands.

59.     The unnamed tributary to Katy Lick Run has a significant nexus to and/or is a relatively permanent water that flows to Tenmile Creek, and then to the West Fork River and

other downstream waters, including the Monongahela River.  The impacted wetlands are adjacent to, in that they have a continuous surface connection with, and/or have a significant nexus to those tributaries and to other downstream waters, including, but not limited to, the West Fork River and the Monongahela River.  Portions of Tenmile Creek downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the West Fork River.  Portions of the West Fork River downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Monongahela River.  The Monongahela River is a traditionally navigable water of the United States.

**Brushy Fork Road**

60.     The Brushy Fork Road Site is located in Doddridge County, WV.  The Site is located adjacent to Brushy Fork and its unnamed tributaries.  Brushy Fork flows to Meathouse Fork, then to Middle Island Creek, and then to the Ohio River.

61.     In or about 2012, Defendant or persons acting on behalf of Defendant began construction of road improvements at the Brushy Fork Road Site.  In the course of construction, Defendant or persons acting on behalf of Defendant discharged dredged or fill material into an unnamed tributary to Brushy Fork.  Defendant's discharges impacted approximately 65 linear feet of stream.

62.     The unnamed tributary to Brushy Fork has a significant nexus to and/or is a relatively permanent water that flows to Meathouse Fork, Middle Island Creek, and other downstream waters, including the Ohio River.  Portions of Middle Island Creek downstream from the discharges are traditionally navigable waters that have a continuous surface

17

hydrological connection to the Ohio River.  The Ohio River is a traditionally navigable water of the United States.

**Neva Ritter**

63.     The Neva Ritter Site is located in Harrison County and Doddridge County, WV. The Site is located adjacent to Buckeye Run and its unnamed tributaries.  Buckeye Run flows to Buckeye Creek, then to Middle Island Creek, and then to the Ohio River.

64.     In or about 2009, Defendant's predecessor began construction of a well pad and compressor station at the Neva Ritter Site, as well as improvements to an existing access road to the Neva Ritter Site.  On December 1, 2010, Defendant acquired the Neva Ritter Site.  In the course of construction, Defendant's predecessor, Defendant, and/or persons acting on behalf of Defendant discharged dredged or fill material into an unnamed tributary to Buckeye Run. Defendant's discharges impacted approximately 453 linear feet of stream.

65.     The unnamed tributary to Buckeye Run has a significant nexus to and/or is a relatively permanent water that flows to Buckeye Creek and then to Middle Island Creek and other downstream waters, including the Ohio River.  Portions of Middle Island Creek downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Ohio River.  The Ohio River is a traditionally navigable water of the United States.

**Bowyer Pad Access/County Road 32/6 Site**

66.     The Bowyer Pad Access/County Road 32/6 Site is located in Harrison County, WV.  The Site is located adjacent to an unnamed tributary to Isaacs Creek.  Isaacs Creek flows to the West Fork River and then to the Monongahela River.

67.     In or about 2013, Defendant or persons acting on behalf of Defendant began construction on improvements to an existing access road at the Bowyer Pad Access/County Road 32/6 Site.  In the course of construction, Defendant or persons acting on behalf of Defendant discharged dredged or fill material into an unnamed tributary to Isaacs Creek.  Defendant's discharges impacted approximately 455 linear feet of stream.

68.     The unnamed tributary to Isaacs Creek has a significant nexus to and is a relatively permanent water that flows to the West Fork River and other downstream waters, including the Monongahela River.   Portions of the West Fork River downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Monongahela River.  The Monongahela River is a traditionally navigable water of the United States.

**Terry Snider Site**

69.     The Terry Snider Site is located in Tyler County, WV.  The Site is located adjacent to McKim Creek and its unnamed tributaries.  McKim Creek flows to Middle Island Creek and then to the Ohio River.

70.     In April 2013, Defendant or persons acting on behalf of Defendant began construction of an access road and pad at the Terry Snider Site.  Construction resulted in a construction-related slope failure or "slip."  In the course of construction, Defendant or persons acting on behalf of Defendant discharged dredged or fill material into an unnamed tributary to McKim Creek.  Defendant's discharges impacted approximately 3,164 linear feet of stream.

71.     The unnamed tributary to McKim Creek has a significant nexus to and/or is a relatively permanent water that flows to the Middle Island Creek and other downstream waters, including the Ohio River.  Portions of Middle Island Creek downstream from the discharges are

19

traditionally navigable waters that have a continuous surface hydrological connection to the Ohio River. The Ohio River is a traditionally navigable water of the United States.

**Primm Pad Site**

72.    The Primm Pad Site is located in Doddridge County, WV. The Site is located adjacent to unnamed tributaries to Cabin Run. Cabin Run flows to the North Fork Hughes River, then to the Hughes River, then to the Little Kanawha River, and then to the Ohio River. Wetlands are located adjacent to the unnamed tributaries to Cabin Run.

73.    In or around 2013, Defendant or persons acting on behalf of Defendant began construction of culverts at the Primm Pad Site. In the course of construction and operation of the culverts, Defendant or persons acting on behalf of Defendant discharged dredged or fill material into the unnamed tributaries to Cabin Run and adjacent wetlands. These discharges impacted approximately 287 linear feet of stream and 0.009 acres of wetlands.

74.    The unnamed tributaries to Cabin Run have a significant nexus to and/or are relatively permanent waters that flow to the North Fork Hughes River, then to the Hughes River, then to the Little Kanawha River and other downstream waters, including the Ohio River. The impacted wetlands are adjacent to, in that they have a continuous surface connection with, and/or have a significant nexus to those tributaries and to other downstream waters, including, but not limited to, the Little Kanawha River and the Ohio River. Portions of the Hughes River downstream from the discharges are navigable-in-fact waters that have a continuous surface hydrological connection to the Little Kanawha River. Portions of the Little Kanawha River downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Ohio River. The Ohio River is a traditionally navigable water of the United States.

**Canton North Site**[1]

75.     The Canton North Site is located in Doddridge County, WV.  The Site is located adjacent to McElroy Creek and its unnamed tributary.  McElroy Creek flows to Middle Island Creek and then to the Ohio River.

76.     In 2014, Defendant or persons acting on behalf of Defendant began construction of a compressor station pad at the North Canton Site.  In the course of construction, Defendant or persons acting on behalf of Defendant discharged dredged or fill material into an unnamed tributary to McElroy Creek.  Defendant's discharges impacted approximately 607 linear feet of stream.

77.     The unnamed tributary to McElroy Creek has a significant nexus to and/or is a relatively permanent water that flows to McElroy Creek, and then to Middle Island Creek and other downstream waters, including the Ohio River.  Portions of Middle Island Creek downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Ohio River.  The Ohio River is a traditionally navigable water of the United States.

**Nash Site**

78.     The Nash Site is located in Doddridge County, WV.  The Site is located adjacent to Jockeycamp Run and its unnamed tributaries.  Jockeycamp Run flows to Middle Island Creek and then to the Ohio River.

79.     In July 2013, Defendant or persons acting on behalf of Defendant began construction of an access road to a pad that resulted in a construction-related slope failure or "slip" at the Nash Site.  In the course of construction, Defendant or persons acting on behalf of

---

[1] The Canton North Site is also known as the North Canton Compressor Station.

Defendant discharged dredged or fill material into unnamed tributaries to Jockeycamp Run. Defendant's discharges impacted approximately 169 linear feet of stream.

80.     The unnamed tributaries to Jockeycamp Run have a significant nexus to and/or are relatively permanent waters that flow to Jockeycamp Run and then to Middle Island Creek and other downstream waters, including the Ohio River. Portions of the Middle Island Creek downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Ohio River. The Ohio River is a traditionally navigable water of the United States.

**Hamilton Site**

81.     The Hamilton Site is located in Doddridge County, WV. The Site is located adjacent to Little Flint Run and its unnamed tributaries. Little Flint Run flows to Flint Run, then to McElroy Creek, then to Middle Island Creek, and then to the Ohio River.

82.     In 2013, Defendant or persons acting on behalf of Defendant began construction of an access road that resulted in multiple, extensive construction-related slope failures or "slips" that filled streams at the Hamilton Site. In the course of construction, Defendant or persons acting on behalf of Defendant discharged dredged or fill material into unnamed tributaries to Little Flint Run. Defendant's discharges impacted approximately 1,059 linear feet of stream.

83.     Little Flint Run and the unnamed tributaries to Little Flint Run have a significant nexus to and/or are relatively permanent waters that flow to Flint Run, then to McElroy Creek, and then to Middle Island Creek and other downstream waters, including the Ohio River. Portions of Middle Island Creek downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Ohio River. The Ohio River is a traditionally navigable water of the United States.

22

**Stewart Site**

84.     The Stewart Site is located in Doddridge County, WV.  The Site is located adjacent to unnamed tributaries to Brushy Fork.  Brushy Fork flows to Meathouse Fork, then to Middle Island Creek, and then to the Ohio River.

85.     In the latter half of 2013, Defendant or persons acting on behalf of Defendant began construction of an access road that resulted in a construction-related slope failure or "slip" at the Stewart Site.  In the course of construction, Defendant or persons acting on behalf of Defendant discharged dredged or fill material into unnamed tributaries to Brushy Fork. Defendant's discharges impacted approximately 1,110 linear feet of stream.

86.     The unnamed tributaries to Brushy Fork have a significant nexus to and/or are relatively permanent waters that flow to Brushy Fork, then to Meathouse Fork, and then to other downstream waters, including the Ohio River.  Portions of Brushy Fork downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to Meathouse Fork.   Portions of Middle Island Creek downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Ohio River.  The Ohio River is a traditionally navigable water of the United States.

**Audit Sites**

87.     As indicated by Defendant, during the approximate time period of 2009 to 2011, Defendant's construction on well pads, compressor stations, pipelines, access roads, and impoundments resulted in discharge of dredged or fill material into tributaries at 14 sites in the West Fork River basin and at one site in the Middle Island Creek basin and wetlands adjacent to

those tributaries.  These 15 sites are referred to as the "Audit Sites."  Defendant's discharges

impacted approximately 6,500 linear feet of stream and 0.972 acre of wetlands at the Audit Sites.

*Middle West Fork River Watershed Audit Sites*

88.     In the Middle West Fork River Watershed, Defendant's activities impacted the

Audit Sites known as Davis 1, the Jarvisville Compressor Station, Lowe, and Sperry 2.

89.     The Davis 1 Audit Site is located in Harrison County, WV.  The Site is located

adjacent to unnamed tributaries to the Right Fork Kincheloe Creek.  Right Fork Kincheloe Creek

flows to Kincheloe Creek, then to the West Fork River, and then to the Monongahela River.

90.     The Jarvisville Compressor Station, Lowe, and the Sperry 2 Audit Sites are

located in Harrison County, WV.  The Lowe Site is located adjacent to Sycamore Creek and its

unnamed tributaries.  Jarvisville Compressor Station and the Sperry 2 Sites are located adjacent

to unnamed tributaries to Sycamore Creek.  Wetlands are located adjacent to the unnamed

tributaries to Sycamore Creek.  Sycamore Creek flows to West Fork River and then to the

Monongahela River.

91.     The impacted tributaries in the Middle West Fork River Watershed have a

significant nexus to and/or are relatively permanent waters that flow to the West Fork River and

other downstream waters, including the Monongahela River.  The impacted wetlands are

adjacent to, in that they have a continuous surface connection with, and/or have a significant

nexus to those tributaries and to other downstream waters, including, but not limited to, the West

Fork River and the Monongahela River.  Portions of the West Fork River downstream from the

discharges are traditionally navigable waters that have a continuous surface hydrological

connection to the Monongahela River.  The Monongahela River is a traditionally navigable water

of the United States.

*Lower West Fork River Watershed Audit Sites*

92.    In the Lower West Fork River Watershed, Defendant's activities impacted the Audit Sites known as Williams 9, Williams 10, Cunningham, Clarksburg Compressor Station, Five H, the Ike and Mike Compressor Station, Ross, and Morris.

93.    The Williams 9 and Williams 10 Audit Sites are located in Harrison County, WV. The Sites are located adjacent to unnamed tributaries to Johnson Fork.  Wetlands are located adjacent to the unnamed tributaries.  Johnson Fork flows to Limestone Run, then to West Fork River, and then to the Monongahela River.

94.    The Cunningham, Clarksburg Compressor Station, Five H, Ike and Mike Compressor Station, Ross, and Morris Audit Sites are located in Harrison County, WV.  The Sites are located adjacent to unnamed tributaries to Limestone Run.  Wetlands are located adjacent to the unnamed tributaries.  Limestone Run flows to the West Fork River and then to the Monongahela River.

95.    The impacted tributaries in the Lower West Fork River Watershed have a significant nexus to and/or are relatively permanent waters that flow to the West Fork River and other downstream waters, including the Monongahela River.  The impacted wetlands are adjacent to, in that they have a continuous surface connection with, and/or have a significant nexus to those tributaries and to other downstream waters, including, but not limited to, the West Fork River and the Monongahela River.  Portions of the West Fork River downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Monongahela River.  The Monongahela River is a traditionally navigable water of the United States.

*Tenmile Creek Watershed Audit Sites*

96.     In the Tenmile Creek Watershed, Defendant's activities impacted the Audit Sites known as Hustead and Moss West/East.

97.     The Hustead Audit Site is located in Harrison County, WV.  The Site is located adjacent to unnamed tributaries to Bear Track Run and Dog Run.  Both Bear Track Run and Dog Run flow to Salem Fork, then to Tenmile Creek, then to the West Fork River, and then to the Monongahela River.

98.     The Moss West/East Audit Site is located in Harrison County, WV.  The Site is located adjacent to Gregory Run.  Gregory Run flows to Tenmile Creek, then to the West Fork River, and then to the Monongahela River.

99.     The impacted tributaries in the Tenmile Creek Watershed have a significant nexus to and/or are relatively permanent waters that flow to Tenmile Creek, and then to the West Fork River and other downstream waters, including the Monongahela River.  The impacted wetlands are adjacent to, in that they have a continuous surface connection with, and/or have a significant nexus to those tributaries and to other downstream waters, including, but not limited to, the West Fork River and the Monongahela River.  Portions of Tenmile Creek downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the West Fork River.  Portions of the West Fork River downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Monongahela River.  The Monongahela River is a traditionally navigable water of the United States.

*McElroy Creek Watershed*

100.    In the McElroy Creek Watershed, Defendant's activities impacted the Audit Site known as the Pike Fork Compressor Station.

101.    The Pike Fork Compressor Station Audit Site is located in Doddridge County, WV.  The Site is located adjacent to Pike Fork.  Pike Fork flows to McElroy Creek.  McElroy Creek flows to Middle Island Creek and then to the Ohio River.  Wetlands are located adjacent to Pike Fork.

102.    Pike Fork has a significant nexus to and/or is a relatively permanent water that flows to McElroy Creek and then to Middle Island Creek and other downstream waters, including the Ohio River.  The impacted wetlands are adjacent to, in that they have a continuous surface connection with, and/or have a significant nexus to those tributaries and to other downstream waters, including, but not limited to, Middle Island Creek and the Ohio River.  Portions of the Middle Island Creek downstream from the discharges are traditionally navigable waters that have a continuous surface hydrological connection to the Ohio River.  The Ohio River is a traditionally navigable water of the United States.

103.    As described in Paragraphs 36-102 above, Defendant and/or persons acting on its behalf discharged pollutants into a stream or streams that are tributaries to navigable-in-fact waters.

104.    The streams identified in Paragraphs 36-102, either alone or in combination with similarly situated waters in the region, significantly affect the chemical, physical, and biological integrity of downstream waters including, but not limited to, Indian Run, Katy Lick Run, Gregory Run, Cherry Camp Run, Bear Track Run, Dog Run, Salem Fork, Tenmile Creek, Isaacs Creek, Sycamore Creek, Right Fork Kincheloe Creek, Kincheloe Creek, Crooked Run, Johnson

27

Fork, Limestone Run, the West Fork River, and the Monongahela River; Brushy Fork, Meathouse Fork, Jockeycamp Run, Flint Run, Little Flint Run, Pike Fork, Buckeye Run, Buckeye Creek, McKim Creek, McElroy Creek, Middle Island Creek, Cabin Run, the North Fork Hughes River, the Hughes River, the Little Kanawha River, and the Ohio River.

105.    The streams identified in Paragraphs 36-102 constitute "waters of the United States" and "navigable waters" under Section 502(7) of the CWA, 33 U.S.C. § 1362(7), and constitute "waters of this state" within the meaning of the WPCA.

106.    Defendant and/or persons acting on its behalf discharged pollutants into wetlands that are and were adjacent to the stream or streams described in Paragraphs 36-102.

107.    The wetlands identified in Paragraphs 36-102 have and had a continuous surface connection to the stream or streams described in Paragraph 36-102.

108.    The wetlands identified in Paragraphs 36-102, either alone or in combination with similarly situated lands in the region, significantly affect the chemical, physical, and biological integrity of downstream waters including, but not limited to, Indian Run, Katy Lick Run, Cherry Camp Run, Salem Fork, Tenmile Creek, Isaacs Creek, Sycamore Creek, Crooked Run, Johnson Fork, Limestone Run, the West Fork River, and the Monongahela River; Pike Fork, McElroy Creek, Middle Island Creek, Cabin Run, the North Fork Hughes River, the Hughes River, the Little Kanawha River, and the Ohio River.

109.    The wetlands identified in Paragraphs 36-102 constitute "waters of the United States" and "navigable waters" under Section 502(7) of the CWA, 33 U.S.C. § 1362(7), and constitute "waters of this state" within the meaning of the WPCA.

110.    Defendant failed to obtain a CWA Section 404 permit from the Secretary of the Army authorizing the discharge of dredged and/or fill material into "waters of the United States"

at the Sites and failed to obtain authorization from the State for such discharges, in connection with the work described above.

## CLAIM FOR RELIEF

111.    Plaintiffs re-allege Paragraphs 1 through 110 and incorporate those allegations by reference.

112.    Defendant is a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5), and Section 3(14) of the WPCA, W. Va. Code § 22-11-3(14).

113.    Through the activities described above, Defendant and/or persons acting on its behalf discharged dredged or fill material into waters of the United States and of the State.

114.    The dredged or fill material discharged includes, among other things, dirt, rock and sand, all of which constitute "pollutants" as defined in Section 502(6) of the CWA, 33 U.S.C. § 1362(6), and Sections 3(12) and 3(16) of the WPCA, W. Va. Code §§ 22-11-3(12), (16).

115.    At the Sites, Defendant and/or persons acting on its behalf used mechanized land-clearing and earth-moving equipment that resulted in the discharges.  This equipment constitutes "point source[s]" as defined in Section 502(14) of the CWA, 33 U.S.C. § 1362(14), and in Section 3(15) of the WPCA, W. Va. Code § 22-11-3(15).

116.    Defendant has discharged pollutants from various point sources into streams, rivers and other waters of the United States, within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7), and within the meaning of the federal regulations implementing the CWA at 40 C.F.R. §§ 122.2, 232.2.  Defendant has also discharged pollutants from various point sources into waters of the State within the meaning of W. Va. Code § 22-11-3(23).

117.    Defendant did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharges of dredged and/or fill material into waters of the United States, as required by Sections 301(a) and 404 of the CWA, 33 U.S.C. §§ 1311(a), 1344. In addition, Defendant discharged pollutants into waters of the State without authorization from the State and in violation of the WPCA and its implementing regulations.

118.    Defendant has violated and continues to violate CWA Section 301(a), 33 U.S.C. § 1311(a), and the WPCA, by its unauthorized discharges of pollutants, specifically dredged and/or fill material, into waters of the United States and waters of the State at the Sites.

119.    Each Site at which such material was discharged into waters of the United States or waters of the State constitutes a separate violation, and each day that such material remains in place constitutes a separate violation of CWA Section 301(a), 33 U.S.C. § 1311(a), and the WPCA.

120.    Under CWA Sections 309(b) and (d), 33 U.S.C. §§ 1319(b) & (d), and the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, 69 Fed. Reg. 7121 (Feb. 13, 2004), 74 Fed. Reg. 626 (Jan. 7, 2009), 81 Fed. Reg. 43,091 (July 1, 2016), 82 Fed. Reg. 3633 (Jan. 12, 2017), and by the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 (28 U.S.C. § 2461 note; Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 701, 129 Stat 584, 599-601 (2015)), 40 C.F.R. Part 19, Defendant is liable for a civil penalty, adjusted for inflation, of up to $32,500 per day for each violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a) occurring between March 15, 2004, and January 12, 2009; up to $37,500 per day for each violation occurring after January 12, 2009, and through November 2, 2015; up to $51,570 per day for each violation occurring after November 2, 2015, and through January 15, 2017; and

up to $52,414 per day for each violation occurring after January 15, 2017, pursuant to CWA

Section 309(d), 33 U.S.C. § 1319(d), and 40 C.F.R. § 19.4.  Under Section 22 of the WPCA, W.

Va. Code § 22-11-22, Defendant is liable for a civil penalty of up to $25,000 per day for each

violation of the WPCA.

121.    Unless enjoined, Defendant's discharges are likely to continue to remain in waters

of the United States and the State at the Sites, in violation of Section 301 of the CWA, 33 U.S.C.

§ 1311, and the WPCA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the United States of America and the State of West Virginia,

respectfully request that this Court order the following relief:

I.    That the Defendant be permanently enjoined from discharging pollutants into any

waters of the United States or waters of the State except as expressly authorized by the CWA and

the WPCA;

II.    That the Defendant be enjoined to undertake measures, at Defendant's own

expense and at the direction of EPA and/or WVDEP, to effect complete restoration of the waters

of the United States and waters of the State at the Sites and/or to conduct off-site mitigation for

irreversible environmental damage and/or temporal losses of aquatic resources, as appropriate;

III.    That the Defendant be assessed civil penalties for each day of each violation at the

Sites, pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), for Defendant's violations of

CWA Section 301(a), and pursuant to Section 22 of the WPCA, W. Va. Code § 22-11-22, for

Defendant's violations of the WPCA;

IV.    That the United States and the State be awarded costs and disbursements in this

action; and

V.    That this Court grant such other relief as the Court may deem just and proper.

Dated: February 11, 2019                     Respectfully submitted,

                                             FOR THE UNITED STATES OF AMERICA:

                                             /s/   *Patrick R. Jacobi*
                                             PATRICK R. JACOBI
                                             Trial Attorney
                                             Environment and Natural Resources Division
                                             U.S. Department of Justice
                                             Denver Place Building
                                             999 18th Street
                                             Suite 370 – South Terrace
                                             Denver, CO  80202
                                             Phone:  (303) 844-1348
                                             Fax:  (303) 844-1350
                                             patrick.r.jacobi@usdoj.gov

                                             CHLOE H. KOLMAN
                                             Trial Attorney
                                             Environment and Natural Resources Division
                                             U.S. Department of Justice
                                             P.O. Box 7611
                                             Washington, D.C. 20044
                                             Phone: (202) 514-9277
                                             Fax:    (202) 514-8865
                                             chloe.kolman@usdoj.gov

                                             WILLIAM J. POWELL
                                             United States Attorney for the
                                             Northern District of West Virginia

                                             /s/   *Helen Altmeyer*
                                             HELEN ALTMEYER
                                             Assistant United States Attorney
                                             U.S. Courthouse & Federal Bldg.
                                             1125 Chapline Street, Suite 3000
                                             Wheeling, WV 26003
                                             Phone: (304) 234-7763
                                             helen.altmeyer@usdoj.gov

                                             OF COUNSEL:

PAMELA J. LAZOS
Office of Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA 19103


FOR THE STATE OF WEST VIRGINIA:

/s/   *Scott Driver*
SCOTT DRIVER, W.Va. Bar ID #9846
West Virginia Department of Environmental
          Protection
Office of Legal Services
601 57th Street SE
Charleston, WV 25304
Phone: (304) 926-0460 x 1453
Fax:    (304) 926-0461
charles.s.driver@wv.gov